1
2
3
4
5
6

JUNJI SUZUKI (SBN 184738)
junji@marshallsuzuki.com
MARSHALL SUZUKI LAW GROUP, LLP
230 California Street, Suite 415
San Francisco, CA 94111
Telephone: (415) 618-0090
Facsimile: (415) 618-0190
Attorney for Applicant,
Medical Corporation Koh Hou Kai

7
8
9

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

10
11
12
13
14
15

| In re Ex Parte Application of | ) | Case No: |
| | ) | |
| | ) | **EX PARTE APPLICATION FOR ORDER** |
| Medical Corporation Koh Hou Kai, | ) | **PURSUANT TO 28 U.S.C. § 1782** |
| | ) | **PERMITTING DISCOVERY FOR USE IN** |
| Applicant. | ) | **FOREIGN PROCEEDING AND** |
| | ) | **MEMORANDUM IN SUPPORT** |
| _____ | ) | |

16
17
18
19
20

   Applicant, Medical Corporation Koh Hou Kai ("Applicant"), a medical corporation organized and existing under the laws of Japan, hereby applies to this Court ex parte for an order permitting discovery from Google LLC ("Google") for use in a court proceeding in Japan pursuant to 28 U.S.C. § 1782.

21
22
23
24

   The proposed subpoena attached to this application seeks from Google documents and information relating to certain Google Accounts through which certain anonymous statements were made and such statements, under Japanese law, constitute defamation against Applicant and unlawful interference with Applicant's business.

25
26
27
28

   This application is supported by the accompanying declaration of Yoshikazu Tsubaki ("Tsubaki Decl."), an attorney in Japan who represents Applicant in connection with an anticipated lawsuit in Japan against those who made the unlawful statements, and declaration of Takuya Murao ("Murao Decl."), an attorney admitted in Japan to provide his opinion to

-Page 1 of 8-
**In re Ex Parte Application of Medical Corporation Koh Hou Kai**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

assist this Court in determining the scope of access logs reasonably required to identify anonymous perpetrators by using access logs.

## I.   BACKGROUND

Applicant has been operating a dental clinic under the name of "Takeda Dental Clinic" ("たけだ歯科医院" in Japanese) in Fukuoka, Japan since March of 2006. In January, February, August, October of 2020, and February of 2021 multiple reviews described in Exhibit A attached to Tsubaki Decl. (the "Subject Reviews") were posted on the Google Map review page concerning "Takeda Dental Clinic" through six different Google Accounts (collectively the "Subject Google Accounts"). The Subject Reviews were posted with one-star ratings and offensive comments. Tsubaki Decl. ¶ 4.

According to Applicant's Japanese attorney, the Subject Reviews were posted for harassment purposes and constitute defamation and unlawful business interference under Japanese law. *id.* ¶ 5.

Therefore, Applicant intends to bring a lawsuit in Japan against the person(s) associated with the Subject Google Accounts as soon as the person(s)' identities have been ascertained through the discovery sought by this application. *id.* ¶ 6.

In order to identify the person(s) who committed unlawful acts against Applicant through the Subject Google Accounts, it is crucial for Applicant to obtain the information relating to the Subject Google Accounts. *id.* ¶ 7.

## II.   ARGUMENT

### A.   Legal Standard

An applicant seeking discovery for use in a foreign proceeding must demonstrate that (1) the person from whom the discovery is sought resides or is found in this district, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or internal tribunal or any interested person. 28 U.S.C. § 1782; *In re The Republic of Ecuador*, Case No. C-10-80225 MISC CRB (EMC), 2010 U.S. Dist. LEXIS 102158 (N.D. Cal. Sept. 15, 2010) at*1.

In re Ex Parte Application of Medical Corporation Koh Hou Kai
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

In exercising its discretion under 28 U.S.C. § 1782, a district court should further consider the following non-exhaustive factors: "(1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the discovery request is an "attempt to circumvent proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery requested is "unduly intrusive or burdensome." *In re Apple Inc.*, 2012 U.S. Dist. LEXIS 66669, 3-4 (N.D. Cal. May 2, 2012) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-265 (U.S. 2004)).

**B.   Applicant's Application Meets All of the Statutory Requirements under 28 U.S.C. § 1782.**

**1.   Google From Whom Discovery Is Sought Is Located in This District.**

Google, from whom the discovery requested in this application is sought, is located in Mountain View, California[1].  Therefore, Google is within this Court's district.

**2.   The Requested Discovery Is for Use in a Proceeding in Japan.**

The discovery requested in this application must be use in a proceeding before a foreign tribunal.  The foreign proceeding needs not actually be under way before 28 USC § 1782 may be invoked. It is enough that such proceedings are "likely to occur" or are "within reasonable contemplation." *Intel Corp. v. Advanced Micro Devices, Inc., supra,* at 258-259 (quoting *In re Letter Request From Crown Prosecution Service of United Kingdom*, 870 F.2d 686, 691 (DC Cir. 1989)).

Applicant intends to bring a lawsuit in Japan against the person associated with the Google accounts in question as soon as the person's identity has been ascertained through the

---

[1] https://www.google.com/about/locations/

**In re Ex Parte Application of Medical Corporation Koh Hou Kai**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

discovery sought by this application.   Tsubaki Decl. ¶ 6.   Thus, the requirement that the discovery be for use in a foreign proceeding is met.

**3.   Applicant is Interested Party under 28 U.S.C. § 1782, Who May Make This Application.**

The application to seek discovery pursuant to 28 U.S.C. § 1782 may be made by "any interested person." As plaintiff in the anticipated litigation in Japan, Applicant is clearly an interested person under 28 U.S.C. § 1782.

**C.   Applicant's Application Further Meets All of the Discretionary Factors under *Intel*.**

**1.   Google Is Not Participant in the Foreign Proceeding.**

The first *Intel* factor asks whether the "person from whom discovery sought is a participant in the foreign proceeding." *Intel*, 542 U.S. at 264.  If the person is a participant, "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad" because "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Id*. "In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id*.

Google is not a participant in the prospective Japanese lawsuit. Tsubaki Decl. at ¶ 8. Additionally, the documents that Applicant seeks are located in the United States and not in Japan.  Thus, they are out of reach of the Japanese court's jurisdiction.

**2.   The Requested Information Is Crucial to Applicant's Bringing Lawsuit in Japan and the Japanese Courts Would Be Receptive to this Court's Assistance.**

"A court presented with a § 1782(a) request may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel.* at 264.

In order to identify the person who committed unlawful acts against Applicant through the Subject Google Accounts for purposes of bring a lawsuit against him in Japanese court, it is crucial for Applicant to obtain the information relevant to the Subject Google Accounts used by the perpetrator. Tsubaki Decl.  ¶  7. Japanese law does not allow "John Doe defendant" in civil litigation, and a plaintiff must state names and physical addresses of the all parties in the complaint. Article 2 (1) of Rules of Civil Procedure (Rules of the Supreme Court of Japan No. 5 of 1996 ).  *Id.* Therefore, without first obtaining the information about the Subject Google Accounts, Applicant may not even start a litigation. *Id.*

In addition, the Japanese courts would be receptive to this court's assistance. In fact, the Japanese courts have been receptive to the discovery assistance made by the U.S. courts. *Marubeni Am. Corp. v. LBA Y.K.*, 335 Fed. Appx. 95, 97-98, 2009 U.S. App. LEXIS 12953, *7-8 (2d Cir. N.Y. 2009); *In re Application of LG Elecs. Deutschland GMBH*, 2012 U.S. Dist. LEXIS 70570, *5, 2012 WL 1836283 (S.D. Cal. May 21, 2012). Applicant have obtained similar information through the § 1782(a) subpoena several times in the past proceedings, but no issue on the receptivity was raised in subsequent Japanese proceeding. Tsubaki Decl. ¶ 9.

### 3.   Applicant's Discovery Request Is Not an Attempt to Circumvent Foreign Proof Restrictions or Policies.

"A district court could consider whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel.* at 265.

Applicant is not aware of any restrictions imposed by or any policies under Japanese law limiting the proof-gathering proceeding in the manner proposed and for the purposes stated herein. Tsubaki Decl.  ¶  9.   In the past, courts have granted 28 U.S.C. § 1782 applications for the use in the proceedings in Japan, both civil and criminal, as well.  *Marubeni Am. Corp.* at 98; *LG Elecs. Deutschland GMBH*, *5; *Okubo v. Reynolds (In re Letters Rogatory from the Tokyo Dist. Prosecutor's Office)*, 16 F.3d 1016, 1018-1019, 1994 U.S. App. LEXIS 2440, *3-6, 94 Cal. Daily Op. Service 1108, 94 Daily Journal DAR 1918, 28 Fed. R. Serv. 3d (Callaghan) 200 (9th Cir. Cal. 1994).

In re Ex Parte Application of Medical Corporation Koh Hou Kai
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

**4.    Applicant's Request Is Narrowly Tailored to Highly Relevant Information and Not Unduly Intrusive or Burdensome.**

"Unduly intrusive or burdensome requests may be rejected or trimmed."  *Intel.* at 265.

As shown in the proposed subpoena to Google attached to the proposed order submitted with this application, the discovery requested by Applicant is narrowly tailored and limited to the discovery materials related to the Subject Google Accounts through which the identity of the defendant(s) to the anticipated Japanese lawsuit could be ascertained and nothing further.

First, the proposed subpoena does not seek disclosure of the content of any communications associated with the Subject Google Accounts.  *Optiver Australia Pty. Ltd. v.Tibra Trading Pty. Ltd.,* Case No. C 12-80242 EJD (PSG), 2013 WL 256771 (discussing prohibitions of Stored Communications Act, 18 U.S.C. § 2701 et seq).

Second, the proposed subpoena only seeks disclosure of names and addresses of the person(s) whose credit card is associated with each of the Subject Google Accounts.  It does not seek disclosure of credit card numbers or any other sensitive information.  *In re Medical Corporation H&S*, Case No. 5:19-mc-80058-VKD, N.D. Cal. May 15, 2019 (admitted that applicant seeks disclosure of name and address of credit card holder registered on Google Account).

However, it is highly unlikely that the perpetrators have provided their true name and address to Google.  Thus, the names and addresses Google may have on file in connection with the Subject Google Accounts, even if they are disclosed in response to the proposed subpoena, would be fictitious with high probability and would not help Applicant identify the perpetrators.  In such case, an access log is the only available information that could identify the perpetrators.  See Murao Decl. ¶ 8.  *In re Kiki. Co., Ltd.*, Case No. 19-mc-80048-NC, N.D. Cal. February 25, 2019.  *In re Med. Corp. H&S* (N.D.Cal. Mar. 15, 2019, No. 19-mc-80058-VKD) 2019 U.S.Dist.LEXIS 42926.  *Med. Corp. H&S v. Defendant* (N.D.Cal. May 30, 2019, No. 19-mc-80107-SVK) 2019 U.S.Dist.LEXIS 90977.  *M&S LLC v. M&S LLC* (N.D.Cal. Aug. 19, 2019, No. 19-mc-80168-DMR) 2019 U.S.Dist.LEXIS 140311.  *In re Exparte Med. Corp. H&S* (N.D.Cal. Aug. 21, 2019, No. 19-mc-80186-VKD) 2019

U.S.Dist.LEXIS 142289.  (all orders above admitted that applicant seeks disclosure of access logs.)

The access logs at the time of the posting and login just before the posting should be allowed because there is a possibility that these logs remain available and have not been deleted yet, even though they were recorded more than 6 months ago. *Id* [[S]ome providers keep access logs for more than 6 months].

However, these logs alone, assuming that they fortunately exist, may be incomplete or insufficient to identify the perpetrator.  *Id*  ["Google often records only time stamps (not IP addresses) at the time of each posting"].  In addition, in case that the perpetrator used special tools for anonymization such as Tor (The Onion Router), the access log at the time of posting would not reveal sufficient information for identifying. *Id*.  From Google's perspective, it is neither unduly intrusive nor burdensome to disclosure *all* access logs, in lieu of the log at the time of posting.  Providers such as Google routinely delete old access logs and keep only fresh access logs for the most recent several months.  In fact, it is more burdensome for Google to have to search for the particular access log containing all the information necessary to identify the perpetrator.

Furthermore, access logs themselves contain no substantial private information of the Subject Google Accounts. Access logs only disclose time stamps (showing when the Subject Google Accounts holders accessed) and IP addresses. Any other substantial private information (e.g. information about what websites the holders may have accessed, what action they took, etc.) is not disclosed.

In addition, the Subject Reviews does not contain any medical information, and any information contained is false. Tsubaki Decl. ¶10.  Moreover, Applicant is professional medical provider and will not use the information obtained except for purpose of civil litigation. *Id.* Otherwise, Applicant and its members will be sanctioned by licensing authorities under Japanese dental practitioners law. *Id.*  There is no risk of disclosure of medical privacy. *Id.* Thus, the disclosure of the information is not unduly burdensome.

Moreover, Google Accounts holders' privacy is protected by Google's policy set forth in its Privacy & Terms which provides in relevant part that[2], :

> "Government agencies from around the world ask Google to disclose user information. We carefully review each request to make sure it satisfies applicable laws. **If a request asks for too much information, we try to narrow it, and in some cases we object to producing any information at all.** We share the number and types of requests we receive in our Transparency Report" (emphasis added)

Therefore, Applicant's request is narrowly tailored to highly relevant information and not unduly intrusive or burdensome.

## III. CONCLUSION

For the reasons stated above, Applicant respectfully requests that this Court grant this application and permit that it issues the subpoena to Google attached to the proposed order submitted with this application.

Dated: ___March 12___, 2021

Respectfully submitted,

MARSHALL SUZUKI LAW GROUP, LLP

By:_____
Junji Suzuki
Attorney for Applicant,
Medical Corporation Koh Hou Kai

---

[2]  Google, https://policies.google.com/terms/information-requests (last visited 03-02-2021)